Gloria MUZQUIZ, Plaintiff—Appellee,

v.

CLACKAMAS COUNTY, Rodney Cook, Defendants,

and

Nancy Newton and Irene Fischer–Davidson, Defendants—Appellants.

No. 04–35787.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2005.*

Decided Jan. 6, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Zan Tewksbury, Beth Ann Creighton, Steenson, Schumann, Tewksbury, Later & Rose, Portland, OR, for Gloria Muzquiz.

Thomas M. Steenson, Esq., Steenson Schumann Tewksbury & Rose, Portland, OR, Edward S. McGlone, III, Oregon City, OR, for Clackamas County.

Edward S. McGlone, III, Oregon City, OR, for Rodney Cook, Nancy Newton, Irene Fisher–Davidson.

Before: KLEINFELD and GRABER, Circuit Judges, and MOSKOWITZ,** District Judge.

## ORDER

The petition for panel rehearing is GRANTED. The memorandum disposition filed on November 30, 2005, is amended. The amended memorandum disposition will be filed concurrently with this order. No further petitions for rehearing or for rehearing en banc may be filed.

## AMENDED MEMORANDUM ***

Plaintiff Gloria Muzquiz sued her former employer, alleging (among other things) a violation of her right to equal protection, 42 U.S.C. § 1983. The district court denied a motion for summary judgment by Defendants Newton and Fischer–Davidson on that claim. They bring this interlocutory appeal, arguing entitlement to qualified immunity. On de novo review, *Jeffers v. Gomez*, 267 F.3d 895, 905–06 (9th Cir. 2001) (per curiam), we affirm in part and reverse in part.

▇ 1. Defendants' main legal argument is that their motive is not relevant as

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

a matter of law. Where the underlying alleged constitutional violation has an intent element, however, deciding whether the defendant is entitled to qualified immunity necessarily involves inquiring into mental state. *Id.* at 911. The Fourth Amendment cases cited by Defendants are not germane. Rather, here, to prevail Plaintiff must show *intentional* race discrimination. *Flores v. Pierce*, 617 F.2d 1386, 1389 (9th Cir.1980). The district court did not err, therefore, in considering evidence of Defendants' state of mind.

■ 2. The district court did not err in holding that there is sufficient evidence of intentional discrimination to survive summary judgment as to Defendant Newton. Newton decided to fire Plaintiff soon after, and apparently in response to, a letter complaining that she spent too much time working on issues concerning Hispanics. In addition, an arbitrator found, after a hearing, that the pre-termination letter's statement of the purported reason for the firing was "not true." Further, there was some evidence that Newton disciplined Plaintiff more harshly than a non-Hispanic employee for similar infractions.

The fact that another supervisor took part in the decision to terminate Plaintiff does not alter our analysis. Racial animus need not be the sole, or even dominant, reason that Plaintiff was fired. So long as it was a "motivating factor," there may be a violation of the Equal Protection Clause. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

■ 3. With respect to Defendant Fischer–Davidson, though, the record reveals no genuine issue of material fact. Her involvement was limited to accepting the recommendation that Plaintiff be terminated. Although she wrote the termination letter, she based the allegations therein and the decision to terminate Plaintiff on information provided by Cook and Newton. No facts in the record (as distinct from allegations) suggest that she had an intentionally discriminatory motive or that she knew of an intentionally discriminatory motive on the part of those whose recommendation she accepted.

AFFIRMED as to Defendant Newton; REVERSED as to Defendant Fischer–Davidson. The parties shall bear their own costs on appeal.